WILLIAM E. GAGEN, JR. CSB #043832
Gagen, McCoy, McMahon, Koss, Markowitz & Fanucci
630 San Ramon Valley Blvd., Suite 100
Danville, CA 94526
Telephone: (925) 837-0585
Facsimile: (925) 838-5985

Attorneys for Defendant
Douglas Ditmer

UNITED STATES DISTRICT COURT

NORTHERN DITRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: 4:12CR00448-001 PJH |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| DOUGLAS DITMER, | December 1, 2017, 9:00 a.m. |
| Defendant. | |

## I. INTRODUCTION

Pursuant to a substantial assistance Plea Agreement, Douglas Ditmer entered pleas of guilty to two counts of a violation of Title 15 USC 1, Bid Rigging. The United States Probation Office has prepared a Presentence Report (PSR) and has recommended that the Court find that the advisory United States Sentencing Guideline (USSG) in this case is Total Offense Level 13, Criminal History Category I, which is consistent with the agreement of the parties. Mr. Ditmer has no objection to the Guideline calculations in the PSR, or any other content in the report. It is anticipated, based on his rather substantial assistance to the United States, that the United States will file a motion pursuant to USSG 5K1.1

Mr. Ditmer comes now before the Court requesting that the Court find that the totality of the circumstances in Mr. Ditmer's case warrants a sentence to 3 years

/////

probation, conditioned upon restitution of $91,144.00, a fine, and special assessment of $200.

## II. BACKGROUND

Doug Ditmer is now 61 years old. He was born and raised in the East Bay Area, where he attended parochial schools through Bishop O'Dowd High School, from which he graduated in 1974. Doug's father, now 91 years old, worked as a real estate investor and Doug's mother, who died in 1991, was a homemaker. Doug's older sister resides in Portland, Oregon, and is a retired pharmacist.

After high school, Doug entered California State University East Bay. Doug had been an outstanding high school athlete, primarily in tennis, and left college during his senior year to pursue a career as a professional tennis player. He never returned to college to complete his degree. His professional tennis career met with only modest success. At age 24, Doug gave up professional tennis and returned to full time life in the Bay Area, where he took a series of outside sales jobs in industrial sales. His last industrial sales job, selling paint products for Houston, Texas based International Paint Company, ended in 1995.

In 1988, Doug married Jennifer Kaye. Jennifer holds a Bachelor's Degree from Wesleyan University and a Masters Degree in Speech Pathology from San Diego State University. She worked as a speech pathologist first in Southern California and then at Fairmont Hospital in San Leandro, California. In 2000, Jennifer was diagnosed with breast cancer and underwent chemotherapy. She still follows a strict medical surveillance regimen and has remained cancer free following her treatments. Doug and Jennifer have two grown sons, 28 year old Greg, who resides in Alameda and works for Facebook, and 25 year old Tim, who lives in Poland and is in the television commercial production business.

In 1995, Doug followed in his father's footsteps and entered the real estate market, buying properties on the foreclosure market, rehabilitating them, and reselling the

/////

improved properties. His involvement in this business led to his involvement in the present offense.

Doug was initially contacted by investigators in January 2011. After submitting to an interview, he contacted counsel. Doug has cooperated with prosecutors since that time, almost seven years ago. His cooperation has been extensive and involved testifying at four separate trials. Including preparation time, Doug has devoted over 120 hours to assisting Government Prosecutors and that does not include Doug's counsel's time. The Court is aware of Doug's cooperation, having presided over three of the four trials.

### III. APPLICABLE SENTENCING LAW

The landmark decision in **United States v. Booker**, 160 L. Ed. 2d 621, 125 S.Ct. 738 (2005), changed sentencing in the Federal Courts. **Booker** renders the Guidelines as advisory only, and instructs the sentencing courts to consider the Guidelines in context of all of those factors enumerated in Title 18 USC 3553(a).

> ". . . Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." **Booker**, at 660-661.

The Supreme Court addressed the issue of the "presumption of reasonableness" of a within Guidelines sentence in **Rita v. United States**, 551 S.Ct. 338, 127 U.S. 2456, 168 L.Ed. 2d 203 (2007) and instructed that a within Guideline sentence is presumed reasonable only upon **appellate review**. The Court instructed:

> "The fact that we permit courts of appeals to adopt a presumption of reasonableness does not mean that courts may adopt a presumption of unreasonableness. Even the Government concedes that the appellate courts may not presume that every variance from the advisory Guidelines is unreasonable." at 354.

The Ninth Circuit was heard on the presumption of reasonableness and directed that even on appeal the presumption of a Guideline sentence may not be reasonable. It stated:

> ". . . A court of appeals may not presume that a non-Guidelines sentence is unreasonable. Although a court may presume on appeal that a sentence within the Guidelines range is reasonable, *id*, we decline to adopt such a

Law Offices of
**GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& FANUCCI**
A Professional Corporation
630 San Ramon Valley Blvd.,
Suite 100
P.O. Box 218
Danville, CA
94526
(925) 837-0585

presumption in this circuit." ***United States v. Carty***, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

***United States v. Ressam***, 629 F.3d 793, 828 (9th Cir. 2012) (en banc), defined "substantive reasonableness:"

> "A substantively reasonable sentence is one that is sufficient, but not greater than necessary to accomplish §3553(a)(2)'s sentencing goals. The touchstones of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 USC §3553(a). In determining substantive reasonableness, we are to consider the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range."

The Court must now consider 18 USC 3553(a) in its entirety and impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The court, in determining the particular sentence to be imposed, shall consider –

    (1)    The nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    The need for the sentence imposed --

        (a)    to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;

        (b)    to afford adequate deterrence to criminal conduct;

        (c)    to protect the public from further crimes of the defendant; and

        (d)    to provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner;

The Supreme Court has cautioned that respect for the law is promoted in many ways, not always measured by the strictness of sentences or the nature of harsh sanctions. The Court stated:

> ". . . Moreover, the unique facts of Gall's situation provide support for the District Judge's conclusion that, in Gall's case, "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." ***Gall***, *id.*, at 599.

/////

Law Offices of
**GAGEN, McCOY, McMAHON, KOSS, MARKOWITZ & FANUCCI**
A Professional Corporation
630 San Ramon Valley Blvd., Suite 100
P.O. Box 218
Danville, CA 94526
(925) 837-0585

- 4 -

DEFENDANT'S SENTENCING MEMORANDUM [4:12CR00448-001 PJH]

The Ninth Circuit has reiterated this notion in *United States v. Edwards*, 595 F.3d 1004, 1016 (9th Cir. 2010), wherein the court concluded that the "fact of a felony conviction," plus probation with appropriate conditions are measures sufficient, but not greater than necessary to achieve the objectives in 3553(a).

When considering "the history and characteristics of the defendant," the court may consider the defendant's cooperation with authorities.

> "A defendant's cooperation may be taken into account in calculating a Guidelines sentencing range, after granting a motion for a departure under § 5K1.1 of the Guidelines. Alternatively, cooperation may be included as part of consideration of § 3553(a) factors after a Guidelines sentencing range is calculated." *United States v. Ressam*, 679 F.3d 1069, 1091 (9th Cir. 2012) (en banc).

### IV. A SENTENCE SUFFICIENT BUT NOT GREATER THAN NECESSARY

Douglas Ditmer takes full responsibility for his decision to become involved in the present offense. Since contact with investigators took place almost seven years ago, Mr. Ditmer has done all in his power to make amends. He has devoted over 120 hours to assisting prosecutors, including testifying at four trials of individuals who did not take responsibility for their actions.

Mr. Ditmer acknowledges that he was a participant in this offense. He is prepared, as he agreed in his Plea Agreement, to make full restitution and adhere to any other conditions of supervision the Court may choose to impose.

Without any prior record of offenses, Mr. Ditmer began his business with no intention of violating the law. When he began to bid on properties at "courthouse steps auctions," his intention was to compete for desirable properties, pay for them, rehabilitate them, and resell at a profit. When he was confronted with the illegal mandate of those who were already involved in bid rigging, he was faced with a choice, and he made the wrong one. He agreed to participate, believing that if he did not, he could not continue to operate his business. He capitulated, much to his shame and embarrassment. Recognizing his responsibility early on in this investigation, he elected to cooperate.

/////

Law Offices of
**GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& FANUCCI**
A Professional Corporation
630 San Ramon Valley Blvd.,
Suite 100
P.O. Box 218
Danville, CA 94526
(925) 837-0585

Given the nature of his offense, the origins of his participation in that offense, his lack of a prior record, and the extensive nature of his cooperation, Mr. Ditmer requests that the Court sentence him to probation, restitution, a fine and special assessment. Such a sentence accounts for all of the issues presented to the Court in Mr. Ditmer's case. Clearly, there is no need to incarcerate him to protect the public and deter him from any future illegal conduct. Such a sentence, which of course includes a felony conviction, addresses the need to recognize the seriousness of his illegal conduct and promotes respect for the law. Mr. Ditmer's cooperation alone addresses his respect for the law.

The Court can be confident that Mr. Ditmer will not again appear before any criminal court. He learned a difficult lesson and he turned that knowledge into comprehensive cooperation. A felony conviction, probation, coupled with restitution and a fine, are sufficient sanctions in this case and fulfill all of the requirement of 18 USC 3553(a). It is a just sentence that is sufficient, but not greater than necessary.

Respectfully submitted,

Dated: November 22, 2017

Gagen, McCoy, McMahon, Koss, Markowitz & Fanucci
A Professional Corporation

By: /s/WILLIAM E. GAGEN, JR.
William E. Gagen, Jr.
Attorneys for Defendant
Douglas Ditmer

Law Offices of
**GAGEN, McCOY, McMAHON, KOSS, MARKOWITZ & FANUCCI**
A Professional Corporation
630 San Ramon Valley Blvd., Suite 100
P.O. Box 218
Danville, CA 94526
(925) 837-0585

## PROOF OF SERVICE
[Code Civ. Proc. §§ 1011, 1013; 1013a, 2015.5]

I, the undersigned, declare that I am a citizen of the United States, a resident of the State of California, and am employed in the County of Contra Costa, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is 279 Front Street, Danville, California. On November 22, 2017, I served the following documents:

**DEFENDANT'S SENTENCING MEMORANDUM**

☒ **U.S. Mail:** I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope for collection and mailing following our ordinary business practices. On that same day, the envelope is deposited in the ordinary course of business with the U.S. Postal Service, at Danville, California, in the sealed envelope with postage fully prepaid.

☐ **Personal Delivery:** I caused the documents listed above to be personally delivered to the persons at the addresses noted below.

☐ **Overnight Delivery:** I enclosed the documents for service in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed below. I placed the envelope or package for collection and overnight delivery at a regularly

☐ **Facsimile Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from the machine at (925) 838-5985 on the date and time recorded on the attached copy of the fax transmission report, which I printed out. No error was reported by the fax machine that I used. Cal. Rules of Court, rule 2.306(h).

☒ **By E-mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below from clk@gagenmccoy.com on the above date at 10:16 a.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Cal. Rules of Court, rule 2.260(f).

Manish Kumar
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
*manish.kumar@usdoj.gov*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 22, 2017, at Danville, California.

/s/CHERYL L. KENT, PLS, CCLS
Cheryl L. Kent, PLS, CCLS

Law Offices of
**GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& FANUCCI**
A Professional
Corporation
630 San Ramon
Valley Blvd.,
Suite 100
P.O. Box 218
Danville, CA
94526
(925) 837-0585